UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MAHMOOD SHAHIN PIROOZ, | Case No. 13-cv-04037-JCS |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING AMENDED COMPLAINT UNDER 28 U.S.C. § 1915 WITH PREJUDICE** |
| US BANK, NA., | |
| Defendant. | **Dkt. No. 11** |

On August 29, 2013, Plaintiff Mahmood Shahin Pirooz, proceeding pro se, filed his original Complaint against Defendant U.S. Bank. On September 13, 2013, the Court granted Plaintiff's Application to Proceed in Forma Pauperis, but dismissed his Complaint with leave to amend under 28 U.S.C. § 1915(e)(2). Specifically, the Court found that Plaintiff's Complaint failed to state a claim on which relief may be granted because he did not allege facts: (1) demonstrating any basis for an enforceable right in a loan modification, and (2) showing that any causes of action arising out of the loan modification negotiations would not be barred by the release in the Surrender of Possession Agreement (the "Cash-for-Keys Agreement"), Complaint, Ex. E at 1-3. Dkt. No. 8 at 2. The Court granted Plaintiff leave to amend his Complaint to cure these deficiencies.

On October 11, 2013, Plaintiff filed an Amended Complaint. Dkt. No. 11. For the reasons stated below, the Court finds that Plaintiff's Amended Complaint suffers from the same defects as his original Complaint and thus DISMISSES the Amended Complaint with prejudice.[1]

In his Amended Complaint, Plaintiff alleges additional facts regarding the lack of communication from Choice Loan Consulting, his experience with the Neighborhood Assistance

---

[1] Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

1 Corporation of America (NACA), and statistics on foreclosed properties in 2009 and 2010.
2 Amended Complaint at 4-7. Plaintiff also submits various personal financial records as exhibits to
3 his Amended Complaint. *Id.* at Exs. C-H.
4     The Court has carefully reviewed Plaintiff's Amended Complaint and the exhibits attached
5 thereto and concludes that Plaintiff's additional factual allegations and documents fail to show that
6 his claims fall outside the scope of the broad release in the Cash-for-Keys Agreement that Plaintiff
7 signed. Plaintiff also has not alleged any additional facts suggesting he has an enforceable right in
8 a loan modification.
9     In general, "[d]ismissal without leave to amend is improper unless it is clear . . . that the
10 complaint could not be saved by an amendment." *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th
11 Cir. 2013) (citations omitted). However, "[t]he district court's discretion to deny leave to amend
12 is particularly broad where plaintiff has previously amended the complaint." *Cafasso, United*
13 *States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citations
14 omitted) (internal quotation marks omitted).
15     Here, the Court previously granted Plaintiff leave to amend and instructed Plaintiff
16 regarding the deficiencies in his original Complaint. Plaintiff's Amended Complaint does not cure
17 those deficiencies, however. Nor has Plaintiff alleged any facts suggesting that the shortcomings
18 can be cured by further amendment. Accordingly, Plaintiff's Amended Complaint is DISMISSED
19 with prejudice. The Clerk is instructed to close the file.
20     **IT IS SO ORDERED.**
21 Dated: November 7, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge

2